IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MEL NAVIP LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:22-CV-00152-JRG |
| § | |
| TOYOTA MOTOR NORTH AMERICA, § | |
| INC., TOYOTA MOTOR ENGINEERING § | |
| & MANUFACTURING NORTH § | |
| AMERICA, INC., TOYOTA MOTOR § | |
| SALES, U.S.A., INC., § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Infringement of U.S. Patent No. 8,649,971 Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss"). (Dkt. No. 18.) Having considered the Motion to Dismiss, the related briefing, and relevant authorities, the Court finds that the Motion to Dismiss should be and hereby is **DENIED**.

I.  BACKGROUND

Plaintiff Mel NavIP LLC ("Mel NavIP") filed this lawsuit against Defendants Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. (together, "Toyota") on May 16, 2022 alleging infringement of U.S. Patent Nos. 8,060,368 (the "'368 Patent"), 8,244,465 (the "'465 Patent"), 8,311,735 (the "'735 Patent"), and 9,239,829 (the "'829 Patent"). (Dkt. No. 1.)  Mel NavIP filed an amended complaint on May 19, 2022 removing the '735 Patent and instead asserting U.S. Patent No. 8,649,971 (the "'971 Patent"). (Dkt. No. 8 at ¶¶ 5, 27–30.)  Toyota filed its Motion to Dismiss on July 28, 2022. (Dkt. No. 18.)  Toyota has not yet filed an answer.

## II.   LEGAL STANDARD

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Court may dismiss a complaint that fails to meet this standard. FED. R. CIV. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff but is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). This includes the patents-in-suit.

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.* Assessing the sufficiency of pleadings is a context specific task; simpler technologies may require less detailed pleadings, while more complex technologies may demand more. *Disk Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

### III. DISCUSSION

Toyota moves to dismiss Mel NavIP's claim of infringement for the '971 Patent because, it argues, the '971 Patent specification disclaims certain subject matter and the products Mel NavIP accuses of infringement fall into that subject matter. (Dkt. No. 18 at 10–11.) Mel NavIP contends that there is no disclaimer of claim scope, and even if there were, the accused features are different from any supposedly disclaimed subject matter. (Dkt. No. 20 at 3–14.) The Court addresses these issues in turn.

#### A. Specification Disclaimer

Toyota argues that the '971 Patent specification disclaims navigation units that automatically re-search for a route returning to a waypoint when a vehicle deviates from the route to that waypoint. (Dkt. No. 18 at 10.) Toyota points to the "Background" section of the '941 Patent, which describes a related art navigation device as "inferior in user-friendliness." '971 Patent at 1:55–56. Toyota argues that the '971 Patent specification's criticism of the prior art navigation device amounts to a "clear" disavowal of the prior art feature of "automatically re-searching for a route back to a waypoint."[1] (Dkt. No. 18 at 5–6, 11.)

Mel NavIP responds that the single statement identified by Toyota in the background section of the '971 Patent does not amount to a clear disclaimer. (Dkt. No. 20 at 3.) Rather than repeated and definitive or disparaging statements in the patent specification that make clear that certain features are excluded from the scope of the claims, Toyota points only to the background section. Mel NavIP contends that there are no statements in the specification that amount to a disclaimer. Mel NavIP distinguishes Toyota's cited cases in which the Federal Circuit found

---

[1] In its Reply, Toyota focuses the alleged disclaimer on the feature of "automatically re-searching for a route back to a waypoint **without first providing the user with the option of skipping that waypoint**." (Dkt. No. 22 at 5 (emphasis added).)

3

disclaimer. (*Id.* at 4–8.) Mel NavIP analogizes to cases where disclaimer was not found, even where there were stronger statements purportedly limiting the claim scope than those at issue here. (*Id.* at 7–8.)

"Where the specification makes clear that the invention does not include a particular feature, that feature is deemed to be outside the reach of the claims of the patent . . . ." *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1341 (Fed. Cir. 2001). This is true "even though the language of the claims, read without reference to the specification, might be considered broad enough to encompass the feature in question." *Id.* Here, the '971 Patent is hardly "clear" with regard to identifying the supposed shortcomings of the related art that it aims to address. The Court is of the opinion that Toyota has not shown, at this early stage, any clear and unmistakable disavowal in the '971 Patent.

The '971 Patent describes a related art navigation device and states "[a] problem with the above-mentioned related art navigation device is that because the navigation device automatically re-searches for a route returning to a waypoint which the user has not passed or a route in which the waypoint which the user has not passed is not set as a waypoint against the user's own will, e.g., 'desires to pass the waypoint' or 'desires to certainly pass the waypoint', and then provides the new whole route for the user, the related art navigation device is inferior in user-friendliness." '971 Patent at 1:48–56. As far as can be deciphered, the '971 Patent sets the context for the invention in that a goal is to improve "user-friendliness" of navigation devices. *Id.* at 1:55–56. The '971 Patent describes one scenario in which the vehicle has deviated from a guidance path leading to one of several waypoints which ultimately lead to a destination, and when the related art navigation device determines that the vehicle is off the original guidance path (by virtue of missing a waypoint), it sets a new route leading from the current position back to the missed

waypoint. *Id.* at 1:33–46.  Far from disparaging the related art approach, the '971 Patent merely identifies an exemplary area in need of improvement to provide context for the invention, as many patent specifications do.  Though inartful, the Court does not find that the '971 Patent's mention of the related art being "inferior in user-friendliness" to be an expression of "manifest exclusion or restriction."  *See Cont'l Circuits LLC v. Intel Corp.*, 915 F.3d 788, 797 (Fed. Cir. 2019).  Indeed, to meet the exacting standard for disavowal of claim scope, the specification must make clear that the invention does not include a particular feature.

Toyota invites the Court to delve deeper into the purpose of the invention of the '971 Patent, arguing that the problem with the related art approach is that the re-searching for a route back to the waypoint occurs automatically "whether or not the user intended to skip that waypoint." (Dkt. No. 22 at 2.)  The '971 Patent addresses this problem by outputting a message showing that the vehicle has deviated from the route, thereby enabling the user to determine how to handle that event and whether to pass via the missed waypoint or not, in order to "provide enhanced user friendliness."  (*Id.* (citing '971 Patent at 2: 15–26).)  According to Toyota, because the '971 Patent criticizes the related art approach as "inferior in user-friendliness," and touts its invention using a Waypoint Passage Selection message as "superior," the '971 Patent has disclaimed or disavowed a navigation unit that automatically re-searches for a route back to a missed waypoint without first allowing the user the option of skipping that waypoint.  (Dkt. No. 22 at 2–5.)

Mel NavIP points out that the specification of the '971 Patent also includes the supposedly disclaimed feature in a preferred embodiment, which is a strong indication that this feature was not disclaimed.  (Dkt. No. 20 at 8–10.)  As shown in Fig. 6-1, the '971 Patent discloses a scenario in a route guidance process having a step of "re-searching of a route including the next waypoint toward which the vehicle has been heading," which can occur, for example, after a determination

of "NO" in step ST23.  Such a process bypasses step ST25 ("output of a waypoint passage selection message").  (*See id.* at 9 ("the route will be recalculated automatically and, as is seen from Fig. 6-1, without any user input.").)  Thus, the Court finds that the '971 Patent teaches an embodiment of a route guidance process that includes re-searching for a route back to a missed waypoint without first outputting the "waypoint passage selection message" to the user.  Accordingly, even if the Court were to find that the '971 Patent criticizes the approach of automatically re-searching for a route back to a missed waypoint without first providing the user with the option of skipping that waypoint, as Toyota urges, such would not amount to disclaimer because the '971 Patent simultaneously teaches using such feature.  *See Epistar Corp. v. ITC*, 566 F.3d 1321, 1335 (Fed. Cir. 2009) ("A patentee's discussion of the shortcomings of certain techniques is not a disavowal of the use of those techniques in a manner consistent with the claimed invention."); *see also CoreLogic Info. Sols., Inc. v. Fiserve, Inc.*, 2012 U.S. Dist. LEXIS 135386, at *15–16 (E.D. Tex. Sep. 21, 2012).

Here, the Court finds that the language in the '971 Patent does not rise to the level of a clear and unmistakable disavowal of a navigation unit or route guidance process that automatically re-searches for a route back to a missed waypoint.  Moreover, the specification explicitly teaches performing "re-searching" of a route including a missed waypoint without first outputting a "waypoint passage selection message" to the user.  As a result, the patentee did not manifestly exclude or restrict from the scope of the claims automatically re-searching for a route back to a waypoint without first providing the user with the option of skipping that waypoint.

**B.    The Accused Products**

Having found no specification disclaimer, the Court need not decide whether the accused Toyota product is encompassed by the alleged disclaimed subject matter.  Furthermore, as Mel NavIP correctly points out, claim construction is inappropriate at the 12(b)(6) pleading stage.  (Dkt.

6

No. 20 at 12 (citing *R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, 681 F.3d 1323 (Fed. Cir. 2012); *BillJCo v. Cisco Sys.*, 2021 U.S. Dist. LEXIS 251455, at *12–13 (E.D. Tex. Nov. 30, 2021).)

At the 12(b)(6) stage, the parties have neither completed claim construction discovery nor briefed claim construction issues.  The Court declines, at this early stage, to decide the issues of whether Toyota's Cloud Navigation output unit (e.g., showing a "re-calculating" message) is the same as the automatic re-searching operation that the '971 Patent describes as "inferior in user friendliness."  Further development of these issues through discovery and motion practice may benefit the Court at later stages as this case progresses.

### IV.     CONCLUSION

For the reasons stated herein, Toyota's Motion to Dismiss is **DENIED**.

**So ORDERED and SIGNED this 3rd day of February, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE